# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| Carmen Searcy,<br><br>　　Plaintiff,<br><br>v.<br><br>Verizon Wireless Services, LLC, TransUnion, LLC; and Equifax Information Services, LLC,<br><br>　　Defendants, | Case No.: |

## INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2.  Plaintiff is, and was at all times hereinafter mentioned, a resident of Georgia.

3.  At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4.  Defendant, Verizon Wireless Services, LLC, (hereinafter "Verizon") is a corporation operating under the laws of the State of Georgia and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Verizon was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, TransUnion, LLC ("Transunion") is a credit reporting agency, licensed to do business in Georgia.

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Georgia.

8. Defendant Transunion and Equifax are, and at all times relevant hereto were, regularly doing business in the State of Georgia.

9. Transunion and Equifax are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10. Transunion and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Transunion and Equifax were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

12. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Georgia and Defendants do business in Georgia.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

**FACTUAL ALLEGATIONS**

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Verizon, Transunion, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. On or about December 1, 2023, Verizon canceled the alleged debt of Plaintiff for a Verizon account, account number ending 0001 (the "Account").

17. Verizon issued Plaintiff an IRS Form 1099-C, stating it discharged the debt tied to the Account.

18. The form 1099-C canceled the principal balance owed on the Account.

19. The Identifiable Event Code on the 1099-C is marked "G"—indicating that the creditor has made a decision or policy to discontinue collection of the debt and to cancel the debt.

20. Upon information and belief, Verizon submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

21. Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

22. Prior to issuing the form 1099-C, Verizon actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

23. After cancelling the debt, Verizon discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

24. Prior to cancelling the debt, Verizon provided periodic statements and letters containing information about the Account.

25. After cancelling the debt, Verizon discontinued its practice of providing periodic statements and letters containing information about the Account.

26. Based on the issuance of the form 1099-C, and on Verizon's activity or inactivity related to collecting the debt, it is clear that Verizon has cancelled the debt associated with the Account.

27. Plaintiff relied on receipt of the IRS Form 1099-C from Verizon in her decision-making and activities concerning the Account.

28. In spite of cancelling the debt, Verizon continued, erroneously, to report a balance due on the Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

29. In or about June 2024, Plaintiff obtained a copy of her credit reports from Equifax and Transunion.

30. Upon review of Plaintiff's credit reports, Plaintiff observed that Verizon was reporting that Plaintiff owed a past due balance on the Account on Plaintiff's Equifax and Transunion credit reports.

31. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

32. Equifax and Transunion each published the false information regarding the Account to third parties.

### PLAINTIFF'S WRITTEN DISPUTE

33. In June 2024 Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Transunion consumer report.

34. In June 2024 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

35. Despite the clarity and detail provided in the Transunion Dispute and Equifax Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Equifax and Transunion consumer report with a balance past due.

36. Upon information and belief, Transunion and Equifax forwarded Plaintiff's Written Disputes to Defendant Verizon.

37. Upon information and belief, Verizon received notification of Plaintiff's Written Disputes from Transunion and Equifax.

38. Verizon did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

39. Transunion and Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

40. Upon information and belief, Verizon failed to instruct Transunion and Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer report.

41. Transunion and Equifax each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Disputes.

42. At no point after receiving the Written Disputes did Verizon and/or Transunion and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

43. Transunion and Equifax relied on its own judgment and the information provided to them by Verizon rather than grant credence to the information provided by Plaintiff.

44. Transunion and Equifax published the false information regarding the Account to third parties.

<u>COUNT I – TRANSUNION AND EQUIFAX</u>

<u>FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)</u>

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Written Disputes, Transunion and Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

47. Transunion and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48. As a result of this conduct, action and inaction of Transunion and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Transunion and Equifax's conduct, action, and inaction was willful, rendering Transunion and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Transunion and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Transunion and Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION AND EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Written Disputes, Transunion and Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

54. Transunion and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

55. As a result of this conduct, action and inaction of Transunion and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Transunion and Equifax's conduct, action, and inaction was willful, rendering Transunion and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Transunion and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Transunion and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – VERIZON
### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

59. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

60. After receiving the Written Disputes, Verizon failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

61. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Verizon's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Verizon's representations to consumer credit reporting agencies, among other unlawful conduct.

62. As a result of this conduct, action, and inaction of Defendant Verizon, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Defendant Verizon's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant Verizon was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorney's fees from Defendant Verizon pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   August 30, 2024

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.

Snellville, GA 30078  
Email: oiselaw@gmail.com  
Telephone: (770) 895-3736  
Attorney for Plaintiff